UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY MALLEY,<br>　　　　Plaintiff,<br>　　v.<br>SAN JOSE MIDTOWN DEVELOPMENT LLC, et al.,<br>　　　　Defendants. | Case No. 5:20-cv-01925-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

On March 19, 2020, Plaintiff Gregory Malley filed a motion for a temporary restraining order against Defendants San Jose Midtown Development LLC ("SJMD"), Sangeeth Peruri, and Thomas Malgesini. Motion for Temporary Restraining Order ("TRO Mot."), Dkt. No. 2. On March 19, 2020, the case was reassigned to the undersigned. Dkt. No. 8. For the reasons discussed below, the Court **DENIES** the motion.

This case arises under California contract law and federal civil RICO (18 U.S.C. § 1964). Defendant Peruri leads an investment consortium that holds a majority stake in SJMD. TRO Mot. at 6. Defendant Malgesini belongs to Defendant Peruri's majority group. *Id.* In September 2014, Plaintiff and two other investors contributed property located at 777 West San Carlos Street, San Jose, California ("the Property") to SJMD. *Id.* at 6–7. Plaintiff entered into an amended operating agreement with Defendant SJMD regarding the Property, which gave Plaintiff a 16.66% economic interest in SJMD. *Id.* at 7. Defendant SJMD recently entered into an agreement to sell the Property. *Id.* at 7–8. Escrow closed March 18, 2020 and the funds for the property were deposited into Defendant SJMD's bank account on March 19, 2020. *Id.* at 7. The Property sold for $11.2 million. *Id.* at 8.

Plaintiff alleges that majority stakeholder Defendant Peruri forced minority stakeholders to

Case No.: 5:20-cv-01925-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
1

1  bear the brunt of all costs associated with developing the Property by (1) retiring debt payable at
2  10 percent and (2) requiring the minority members to take out usury loans ranging from 20 to 40
3  percent. *Id.* at 7. Plaintiff contends these usury rates are illegal. *See* Complaint for Damages and
4  Equitable Relief ("Compl.") ¶ 8, Dkt. No. 1. Defendants collected such rates by:

1. Adopting the "Second Amendment" to the SJMD Operating Agreement, which allows Defendant SMJD to charges its Members usury interest and amend its Operating Agreement without the unanimous, written consent of its Members. *Id.* ¶ 14.
2. Adopting the "Fifth Amendment" to the SJMD Operating Agreement, which gave Defendant SJMD further authority to charge its Members usury interest and gave Defendant SJMD the power to withhold a Member's distribution unless he or she agreed to waive his or her claims against SJMD. *Id.* ¶ 15.

Based on these amendments, Defendants argue they are able to charge Plaintiff late fees for overdue usuries. *Id.* ¶ 18. Defendants allegedly plan to take these fees out of Plaintiff's share of the Property proceeds. *Id.* ¶ 19. Pursuant to the Fifth Amendment to the Operating Agreement, Defendants plan to withhold the rest of Plaintiff's distribution because Plaintiff refuses to waive his legal claims against SJMD. *Id.* ¶ 20.

Plaintiff also entered into a Joint Venture Agreement with Defendant Malgesini. TRO Mot. at 17. Under this agreement, Defendant Malgesini loaned Plaintiff $200,000 in connection with another real-estate transaction. *Id.* Pursuant to the agreement, if Plaintiff had not repaid Defendant Malgesini before the close of escrow on the Property, then Defendant Malgesini could garnish $250,000 of Plaintiff's share of proceeds from the Property. *Id.*

"The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction." *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016). "A plaintiff seeking either remedy must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (internal citation and quotation omitted). On a temporary restraining order, a plaintiff must demonstrate

Case No.: 5:20-cv-01925-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
2

that there exists a significant threat of irreparable injury. *See, e.g., Baker DC v. NLRB*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015); *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) ("Under the 'serious questions' version of the [preliminary injunction] test" a plaintiff must still show that "there is a likelihood of irreparable injury."); *cf.* TRO Mot. at 18 (using "serious questions" test but failing to include requirement of irreparable injury).

Here, Plaintiff has failed to show that a significant threat of irreparable harm exists. Plaintiff argues the two contractual amendments and the Joint Venture agreement are null and void and asks the Court to enjoin Defendant SJMD from enforcing these provisions.[1] *See* Compl. at 22 (Prayer for Relief); TRO Mot. at 23–24. In Plaintiff's view, allowing the amendments and Joint Venture Agreement to stand will cause Plaintiff "irreparable harm" because these provisions allow Defendant SJMD to detain Plaintiff's Property proceeds, which deprives Plaintiff of the economic means to litigate this lawsuit. *Id.* at 23. Plaintiff, however, neither cites support for his proposition that an inability to retain counsel constitutes irreparable harm nor explains why he cannot find counsel on a contingency fee basis. Moreover, Plaintiff's claims for relief are economic. He seeks treble damages, a finding that Defendants improperly withheld *money* pursuant to the amendments and Joint Venture Agreement, and other special damages. Compl. at 22–23 (Prayer for Relief). Such economic damages can be redressed through monetary damages—Plaintiff does not need equity to redress his harms. Plaintiff thus has not meet the requisite "irreparable harm" standard and the Court **DENIES** Plaintiff's motion for a temporary restraining order.

**IT IS SO ORDERED.**

Dated: March 19, 2020

EDWARD J. DAVILA
United States District Judge

---

[1] Plaintiff also asked the Court to enjoin Defendant SJMD from disbursing 15 percent of the Proceeds from the $11.2 million sale of the Property. This request is now **moot** as 15 percent has already been disbursed. *See* Dkt. No. 9.

Case No.: 5:20-cv-01925-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
3