UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY MALLEY,

                Plaintiff,

      v.

SAN JOSE MIDTOWN DEVELOPMENT LLC, et al.,

                Defendants.

Case No. 5:20-cv-01925-EJD

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY DISCOVERY**

Re: Dkt. Nos. 29, 31, 35

Plaintiff Gregory Malley ("Plaintiff") filed this action against Defendants San Jose Midtown Development LLC ("SJMD"), Sangeeth Peruri, individually and in his capacity as Trustee of Sangeeth and Sindhu Peruri Living Trust Dated Nov. 5, 2009 ("Peruri"), Ashish Patel ("Patel"), Peruri Capital Partners, LLC ("Peruri Capital"), Four Gates Capital, LLC ("Four Gates"), Procurator Holding, LLC ("Procurator"), and Thomas Malgesini ("Malgesini") (collectively, "Defendants") alleging violations of the Racketeer Influence and Corrupt Organizations Act ("RICO") and several other state law claims.

Before the Court are Defendants' Motion to Dismiss Usury and Federal RICO Claims (Dkt. No. 29), Defendants San Jose Midtown Development, LLC, Ashish Patel, and Thomas Malgesini's Motion to Dismiss State Court Claims Pleaded Against Them (Dkt. No. 31), and Defendants' Motion to Stay Discovery (Dkt. No. 35). Defendants move to dismiss Plaintiff's RICO claims under 12(b)(6). Defendants also move to dismiss Plaintiff's remaining state law claims under Rule 12(b)(1), provided the Court grants Defendants' Motion to Dismiss the Federal RICO claims under Rule 12(b)(6).

Having read the parties' papers and carefully considered their arguments and the relevant

Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY DISCOVERY

1

1   legal authority, and good cause appearing, the Court hereby GRANTS Defendants' respective

2   Motions to Dismiss without prejudice and GRANTS Defendants' Motion to Stay Discovery.

3   **I.    BACKGROUND**

4          In September 2014, Plaintiff and two other investors agreed to contribute property located

5   at 777 West San Carlos Street, San Jose, California ("the Property") to SJMD, a real estate

6   investment limited liability company.  *See* First Amended Complaint for Damages and Equitable

7   Relief ("FAC"), Dkt. No. 13, ¶ 28.  Plaintiff also signed and entered into SJMD's Amended and

8   Restated Operating Agreement (the "Operating Agreement") which resulted in him holding a

9   16.66 percent economic interest in SMJD.  *Id*. ¶ 29.

10         Over the past six years, Plaintiff and Defendants have engaged in various dealings to

11  finalize a sale of the Property.  In November 2014, SJMD entered into an agreement to sell the

12  Property to Bay Area Property Developers, LLC ("BAPD").  *Id*. ¶ 39.  Not long after this, Plaintiff

13  entered into a loan agreement with Malgesini that had contingencies in place related to the sale of

14  the property to BAPD.  *Id*. ¶¶ 100-104.  However, a legal dispute arose between SJMD and BAPD

15  resulting in significant legal work and expenses that did not conclude until a settlement was

16  reached in April 2018.  *Id*. ¶ 39.  Afterwards, SJMD and BAPD entered into another settlement

17  agreement in September 2019 which gave BAPD until November 2019 to close escrow on the sale

18  of the Property.  *Id*. ¶ 39.  Ultimately, however, BAPD did not close escrow by the November date

19  and did not purchase the property.  *Id*. ¶ 40.

20         Another consequence for Plaintiff and Defendants arising from the failed sale was the need

21  for additional capital contributions.  Plaintiff alleges that beginning in 2017, a Peruri-led group of

22  SJMD's majority stakeholders forced minority stakeholders, like Plaintiff, to bear the brunt of all

23  costs associated with developing the Property.  *Id*. ¶ 31.  According to Plaintiff,  Defendants

24  accomplished this by introducing new amendments to the Operating Agreement.  *Id*. ¶¶ 14-19.

25         In January 2017, SJMD adopted the First Amendment to the Operating Agreement.  *Id*. ¶

26  14.  Plaintiff alleges that the First Amendment gave SJMD the purported authority to charge its

27

28

United States District Court
Northern District of California

1    Members usury interest for taking out loans, and enabled Members to receive interest for

2    advancing funds for SJMD to make those loans. *Id*. ¶ 16. Additionally, Plaintiff alleges that a

3    non-defendant former manager of SJMD applied duress to force Plaintiff to agree to the First

4    Amendment, threatening to remove Plaintiff as a SJMD Member if he did not. *Id*. ¶ 38.

5         Then, in February 2018, Plaintiff was asked to sign a proposed Second Amendment. *Id*. ¶

6    42. Adopting the Second Amendment meant that SJMD could require its Members to take out

7    high-interest loans provided by SJMD if they could not make required contributions to SJMD that

8    would be used to cover expenses, such as those related to the BAPD litigation. *Id*. ¶ 43. Plaintiff

9    alleges that the Second Amendment subjected him and other borrowing Members to interest rates

10    ranging from 20-40 percent. *Id*. ¶ 58. The Second Amendment also allowed SJMD to amend the

11    Operating Agreement without the unanimous, written consent of its Members. *Id*. ¶ 47. In July

12    2019, Plaintiff withdrew his consent to the Second Amendment after discovering that not every

13    SJMD Member executed the final copy of the amendment. *Id*. ¶¶ 51, 55.

14         SJMD was given further authority to charge its Members usury interest when Members

15    introduced the Third and Fifth Amendment to the Operating Agreement. *Id*. ¶ 18-19. The Fifth

16    Amendment, moreover, gave SJMD the power to withhold a Member's distribution unless the

17    Member agreed to waive all claims against SJMD. *Id*. ¶ 19. Plaintiff alleges that after the

18    introduction of these Amendments, Plaintiff and the other Borrowing Members were required to

19    pay different forms of interest such as a "Delinquent Capital Contribution Interest" and a "Legal

20    20% Bonus Interest." *Id*. ¶ 60. Plaintiff brings this action after SJMD entered into an agreement

21    to sell the property with escrow closing on the sale on March 18, 2020. *Id*. ¶ 36. All told, Plaintiff

22    alleges that SJMD has charged him over $ 300,000 in usury interest and further garnished a

23    portion of his entitled proceeds in connection to the earlier loan from Malgesini after the sale of

24    the Property. *Id*. ¶¶ 20-21, 96.

25         Plaintiff asserts fifteen causes of action: (1) Violation of California Civil Code § 1822; (2)

26    Attempted Extortion; (3) Usury; (4) Violation of 18 U.S.C. § 1962(c) (RICO); (5) Violation of 18

27

28

*Left margin:* United States District Court / Northern District of California

Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
DISCOVERY

1    U.S.C. § 1962(d) (RICO Conspiracy); (6) Conversion; (7) Wrongful garnishment; (8) Violation of

2    California Corporations Code § 17704.07; (9) Violation of California Corporations Code §

3    17704.09; (10) Breach of Contract; (11) Breach of Covenant of Good Faith and Fair Dealing; (12)

4    Fraud; (13) Negligent Misrepresentation; (14) Duress; and (15) Material Alteration of Written

5    Instrument.

6           On July 20, 2020, Defendants filed their Motion to Dismiss Usury and Federal RICO

7    Claims ("Mot."), Dkt. No. 29, and Defendants San Jose Midtown Development, LLC, Ashish

8    Patel, and Thomas Malgesini filed their Motion to Dismiss State Court Claims ("Mot. to State

9    Law Claims"), Dkt. No. 31.  Plaintiff filed his Oppositions on August 3, 2020.  *See* Plaintiff

10   Gregory Malley's Opposition to Motion to Dismiss RICO and Usury Claims ("Opp"), Dkt. No.

11   36; Plaintiff Gregory Malley's Opposition to Motion to Dismiss Non-Usury, State-Law Claims

12   ("Opp. to State Law Claims"), Dkt. No. 37.  On August 10, Defendants filed their Reply in

13   Support of Motion to Dismiss ("Reply"), Dkt. No. 40, and Defendants San Jose Midtown

14   Development, LLC, Ashish Patel, and Thomas Malgesini filed their Reply in Support of Motion to

15   Dismiss ("Reply to State Law Claims"), Dkt. No. 39.  Defendants also filed their Motion to Stay

16   Discovery on July 31, 2020 ("Mot. to Stay"), Dkt. No. 35, with Plaintiff filing his Opposition on

17   August 14, 2020 ("Opp to Stay"), Dkt. No. 42.

18   **II.    JUDICIAL NOTICE**

19          Defendants ask this Court to take judicial notice of Exhibits 1 through 17, which are

20   attached to Defendants' Request for Judicial Notice and referenced in the Declaration of Mark. V.

21   Boennighausen in Support of Defendants' Motions to Dismiss ("RJN re MTD"), Dkt. 33.  Plaintiff

22   opposes several of the exhibits attached to this Request.  *See* Plaintiff Gregory Malley's

23   Objections to Defendants' Improperly Consolidated Request for Judicial Notice ("Obj. re RJN"),

24   Dkt. 38.

25          As a general rule, the Court may not consider any material outside the pleadings in ruling

26   on a Rule 12(b)(6) motion.  *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir.

27

28

United States District Court
Northern District of California

1   2011).  There are two exceptions to this rule, when the complaint necessarily relies on the

2   documents or where the court takes judicial notice of documents.  *Lee v. City of Los Angeles,* 250

3   F.3d 668, 689 (9th Cir. 2001).  The incorporation by reference doctrine allows material that is

4   attached to the complaint to be considered, as well as "unattached evidence on which the

5   complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

6   central to plaintiff's claim; and (3) no party questions the authenticity of the document."

7   *Corinthian Colleges,* 655 F.3d at 999.  Under the Federal Rules a court may take judicial notice of

8   a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

9   territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

10   to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

11   Defendants asks the Court to take judicial notice in part of the following documents

12   referenced in the FAC and related Operating Agreement: (6) the September 8, 2014 Amended and

13   Restated SJMD Operating Agreement; (13) the First Amendment to the SJMD Operating

14   Agreement; (14) the Second Amendment to the SJMD Operating Agreement; (15) the Third

15   Amendment to the SJMD Operating Agreement; (16) the Fourth Amendment to the SJMD

16   Operating Agreement; and (17) the Fifth Amendment to the SJMD Operating Agreement.

17   The incorporation by reference doctrine allows the Court to consider documents that are

18   extensively referred to in the complaint or that form the basis of the plaintiff's claims.  *Khoja v.*

19   *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Coto Settlement v.*

20   *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).  Here Exhibits 6, 15, 16, and 17 are all either

21   referenced in the FAC or are central to Plaintiff's claims, and Plaintiff does not question the

22   authenticity of Exhibits 6, 15, 16, 17.  *See* FAC ¶¶ 14, 16, 18-19; Obj. re RJN.  Therefore, the

23   Court takes judicial notice of Exhibits 6, 15, 16, and 17.

24   Plaintiff challenges the authenticity of Exhibit 13 (the First Amendment) and Exhibit 14

25   (the Second Amendment) on the grounds that Exhibit 13 is illegible and incapable of being

26   authenticated, and because Defendants have failed to lay proper foundation that Exhibit 14 is a

27

28   Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
DISCOVERY

United States District Court
Northern District of California

United States District Court
Northern District of California

true and accurate copy of the Purported Second Amendment.  *See* Obj. re RJN at 6-7.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Therefore, before evidence can be admitted, the proponent must lay a foundation by evidence sufficient to find that the item is what it is purported to be.  *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988).

First, as to Exhibit 13, the Court finds that the document is legible and has been properly authenticated by Defendants.  Exhibit 14 has also been properly authenticated as Plaintiff has previously referenced and attached a copy of Exhibit 14 as an exhibit to his earlier Motion for Temporary Restraining Order.  *See* Dkt. 2-2.  While Plaintiff challenges the finality the Second Amendment, the authenticity of Exhibit 14 is not subject to reasonable dispute.  Plaintiff's objections on the grounds of authentication are overruled.  The Court takes judicial notice of Exhibits 13 and 14.  However, the Court will not take notice of any disputed facts contained in these documents.  *Lee*, 250 F.3d 689-90.  (courts may not take judicial notice of disputed facts stated in public records).

Defendants also request that the Court take notice of the following public court filings: (9) The Santa Clara County Superior Court May 16, 2016 complaint filed by BAPD against SJMD; (10) the May 16, 2016 *Lis Pendens* filed on the Property by BAPD; (11) The Santa Clara County Superior Court Docket Entries for the lawsuit filed by BAPD against SJMD; and (12) the September 12, 2019 Request for Dismissal filed by BAPD and SJMD.  Under Ninth Circuit law, courts may properly take notice of court orders and other matters of public record.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted).  Accordingly, the Court takes notice of Exhibits 9 through 12 but does not take notice of any disputed facts.  *See Lee*, 250 F.3d at 689-90.

Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY DISCOVERY

1    Next, Defendants request the Court take notice of Exhibit (7) the July 15, 2015 Loan

2    Agreement agreed to by Plaintiff in which he was to disburse funds to Malgesini from the

3    proceeds of the property sale by SJMD and (8) a document reflecting SJMD Members' approval

4    of Plaintiff pledging as security his economic interest in SJMD for a loan made by Defendant

5    Malgesini through the incorporation by reference doctrine.  Because Exhibits 7 and 8 are central to

6    Plaintiff's allegations, the Court will take notice of Exhibits 7 and 8.

7    Lastly, Defendants request that the Court take judicial notice of Exhibits 1-4 which relate

8    to Plaintiff's prior real-estate license and personal bankruptcy.  While the Exhibits are public

9    records, Defendants have not sufficiently established the relevancy of Exhibits 1-4 as to the claims

10    at issue or their Motions to Dismiss.  For that reason, the Court declines to take judicial notice of

11    Exhibits 1-4.

12    **III.    LEGAL STANDARD**

13    A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim

14    upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the

15    complaint, which are accepted as true and construed in the light most favorable to the plaintiff."

16    *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading

17    standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

18    relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

19    cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

20    *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff must not merely

21    allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief

22    that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads

23    factual content that allows the court to draw the reasonable inference that the defendant is liable

24    for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

25    U.S. at 556).

26

27

28    Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
DISCOVERY

United States District Court
Northern District of California

IV.    **DISCUSSION**

A.    **Defendants' Motion to Dismiss Usury and Federal RICO Claims**

i.    **Plaintiff's Claim of Usury**

Defendants first seek dismissal of Plaintiff's claim for usury arguing that the allegations in the FAC and applicable terms in the Operating Agreement establish that the transaction was not a loan. The essential elements of usury are: (1) the transaction must be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent to enter into a usurious transaction. *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798 (1994).

"[T]he intent sufficient to support the judgment [of usury] does not require a conscious attempt, with knowledge of the law, to evade it. The conscious and voluntary taking of more than the legal rate of interest constitutes usury and the only intent necessary on the part of the lender is to take the amount of interest which he receives; if that amount is more than the law allows, the offense is complete." *Thomas v. Hunt Mfg. Corp.*, 42 Cal. 2d 734, 740 (1954). Intent is relevant, however, in determining the true purpose of the transaction in question because ". . . the trier of fact must look to the substance of the transaction rather than to its form. . . . '[I]t is for the trier of the fact to determine whether the intent of the contracting parties was that disclosed by the form adopted, or whether such form was a mere sham and subterfuge to cover up a usurious transaction.'" *West Pico Furniture Co. v. Pac. Fin. Loans*, 2 Cal. 3d 594, 603 (1970) (quoting *Janisse v. Winston Inv. Co.*, 154 Cal. App. 2d 580, 582 (1957). A transaction is rebuttably presumed not to be usurious. *Janisse* 154 Cal. App. 2d at 586.

Here, Plaintiff has failed to establish that the Operating Agreement and its accompanying amendments allowed for a loan transaction and thus resulted in the collection of usurious interest. The Operating Agreement reveals, instead, a joint venture in real estate. *See Wooton v. Coerber* 213 Cal. App. 2d 142, 150-51 (Ct. App. 1963) (finding that usury laws did not apply in a joint venture). There are three primary factors which distinguish a loan transaction from a partnership or joint venture transaction: (1) whether there is an absolute obligation of repayment; (2) whether

Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY DISCOVERY

1   the investor may suffer a risk of loss; and (3) whether the investor has any right to participate in

2   management.  *See* 11 Miller and Starr Cal. Real Estate (4th ed. 2020) § 37.13; *Junkin v. Golden*

3   *W. Foreclosure Serv., Inc.*, 180 Cal. App. 4th 1150, 1155–56 (2010) (citing text).  Indeed, SJMD

4   reconfigured its mechanism for capital contribution calls to handle additional operating expenses.

5   The Operating Agreement is devoid of the word loan or any provision stating that a Member had

6   an obligation to repay any money to a contributing Member or SJMD when the company made a

7   call for additional capital.  Rather, the Operating Agreement provided Members who contributed

8   additional capital or covered the default capital contributions of other members with a preferred

9   return on their additional capital contributions.  RJN re MTD Ex. 14.  Further, Members would

10  only see these preferred returns if the Property was ultimately sold and prior to distributing further

11  proceeds from the sale.  *Id*.  Although Plaintiff points to the use of the words "interest" and "line

12  of credit" by some SJMD Members during calls for capital contributions and after to describe

13  entries in financial documents, the actual terms used in the Operating Agreement suggest SJMD

14  Members did not intend for this transaction to be a loan or to collect usurious interest.

15          In light of Plaintiff's inability to establish the existence of a loan transaction, the usury

16  claim is DISMISSED.

17                    ii.     **Plaintiff's RICO Claims**

18          Plaintiff's RICO and RICO conspiracy claims are based on the collection of unlawful debt.

19  FAC ¶¶ 128-137.  Section 1962(c) of RICO states that: "It shall be unlawful for any person

20  employed by or associated with any enterprise engaged in, or the activities of which affect,

21  interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of

22  such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

23  18 U.S.C. § 1962(c).  For a plaintiff to state a claim under § 1962(c), he or she must allege "(1)

24  conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v.*

25  *Imrex Co.*, 473 U.S. 479, 496 (1985); *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008).

26          Because Plaintiff has failed to establish Defendants sought the collection of usurious

27
28  Case No.: 5:20-cv-01925-EJD
    ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
    DISCOVERY

United States District Court
Northern District of California

1  interest, his RICO claims based on the collection of unlawful debt cannot move forward.  Thus,

2  Plaintiff's allegations must have established a 'pattern' of racketeering activity which requires at

3  least two predicate actions.  18 U.S.C. § 1961(5), 1962(C).  While two predicate acts are necessary

4  to state a claim, they may not be sufficient; a plaintiff must "show that the racketeering predicates

5  are related, and that they amount to or pose a threat of continued criminal activity."  *H.J. Inc. v.*

6  *Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in original).  The Supreme Court explained

7  this "continuity" requirement in *H.J. Inc.*:

8          Continuity is both a closed and open ended concept, referring either
        to a closed period of repeated conduct, or to past conduct that by its
9        nature projects into the future with a threat of repetition. . . . A party
        alleging a RICO violation may demonstrate continuity over a closed
10       period by proving a series of related predicates extending over a
        substantial period of time. Predicate acts extending over a few weeks
11       or months and threatening no future criminal conduct do not satisfy
        this requirement: Congress was concerned in RICO with long term
12       criminal conduct.

13  *H.J. Inc.*, 492 U.S. at 241-42.  "Thus, in order to allege open-ended continuity, a RICO plaintiff

14  must charge a form of predicate misconduct that by its nature projects into the future with a threat

15  of repetition."  *Turner v. Cook*, 363 F.3d 1219, 1229 (9th Cir. 2004) (citation omitted).  "Conversely,

16  an alleged series of related predicates not extending over a substantial period of time and not

17  threatening future criminal conduct fails to charge closed-ended continuity."  *Id*.

18          Here, Plaintiff's RICO claims are related to a single real estate transaction, focusing on

19  Plaintiff's allegations that Defendants sought the collection of unlawful usurious interest after the

20  sale of the one property.  While Plaintiff attempts to substantiate his RICO claims by arguing in his

21  Opposition that Defendants also committed "wire fraud" and "attempted extortion," his RICO

22  claims in the FAC are devoid of these arguments.  Opp. at 22-24.  There is also no support in the

23  FAC for a federal wire fraud claim.  FAC ¶¶ 129-134; *see also Comwest, Inc. v. American Operator*

24  *Sers., Inc.*, 765 F. Supp. 1467, 1476 (C.D. Cal. 1991) ("[u]nder Ninth Circuit law, RICO claims

25  based on predicate acts of mail and wire fraud must be dismissed where the alleged predicate acts

26  fail to state a claim for violation of the mail and wire fraud statutes [including Rule 9(b)

27
28  Case No.: 5:20-cv-01925-EJD
   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
   DISCOVERY

1    particularity].'").

2        Accordingly, Plaintiff's RICO claim under § 1962(c), which is based on the alleged unlawful

3    collection of debt, must fail.  Moreover, Plaintiff's claim of a RICO conspiracy under § 1962(d)

4    must also fail.  *See Turner*, 362 F.3d at 1231 ("[b]ecause appellants failed to allege the requisite

5    substantive elements of a RICO claim under 18 U.S.C. § 1962(c), appellants' claim under 18 U.S.C.

6    § 1962(d), which makes it 'unlawful for any person to conspire to violate any of the provisions of

7    subsections (a), (b), or (c) of this section,' also fails").  Therefore, the Court will DISMISS Plaintiff's

8    RICO and RICO conspiracy claims.

9            **iii.    Plaintiff's Remaining State Law Based Claims**

10        All that remain are Plaintiff's twelve other state law tort claims; the Court does not have

11   original jurisdiction over these claims.  Here, after carefully considering the relevant factors

12   (economy, convenience, fairness, and comity), the Court finds that they weigh in favor of

13   declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  *See*

14   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all

15   federal-law claims are eliminated before trial, the balance of factors . . . will point toward

16   declining to exercise jurisdiction over the remaining state-law claims.").  This case has yet to

17   proceed beyond the pleadings and no discovery has been conducted.  Few judicial resources are

18   wasted by dismissing the case at this stage.  *Pasillas v. Deutsche Bank Nat'l Tr. Co.*, No. 12-CV-

19   04123-LHK, 2013 WL 5225982, at *5 (N.D. Cal. Sept. 17, 2013).

20        Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's

21   remaining state law claims and GRANTS Defendants' Motions to Dismiss these claims without

22   prejudice.  *Miller v. California Dep't of Corr.*, No. 2-10-CV-02850 GEB, 2011 WL 4433165, at

23   *4 (E.D. Cal. Sept. 21, 2011) (dismissing without prejudice the claims that court declined to

24   exercise supplemental jurisdiction over).

25         **B.    Defendants' Motion to Stay Discovery**

26        Shortly after filing their Motions to Dismiss, Defendants moved to stay discovery.  *See*

27

28   Case No.: 5:20-cv-01925-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY
     DISCOVERY

United States District Court
Northern District of California

Dkt. 35.  At core, that motion requests that (1) the Court stay discovery until it issues a ruling on Defendants' Motions to Dismiss, or (2) in the event the Court grants the Motions with leave to amend, the Court stay discovery until there is no longer a pleading challenge that would result in the Court dismissing the case.  Mot. to Stay at 1.

Consistent with the Ninth Circuit's instruction, courts within this district employ a two-part test to determine whether to exercise their discretion and stay discovery pending resolution of a motion to dismiss.  First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017).  Second, "the court must determine whether the pending motion can be decided absent discovery." *Id.*  Here, Defendants' Motions to Dismiss are potentially dispositive and can be decided absent discovery. Further, the Motions to Dismiss include a jurisdiction challenge that would remove the Court's jurisdiction over the state law claims, which serves as an additional reason to issue a stay. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.").

Accordingly, Defendants' Motion to Stay Discovery is GRANTED.

## V.   CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's usury and Federal RICO claims.  The Court DECLINES to exercise supplemental jurisdiction over the remaining state law claims at this time and DISMISSES those claims without prejudice.  As such, the Court GRANTS Defendants San Jose Midtown Development, LLC, Ashish Patel, and Thomas Malgesini's Motion to Dismiss.  Further, the Court GRANTS Defendants' Motion to Stay Discovery.

Under Federal Rule of Civil Procedure 15(a), leave to amend "should be freely granted when justice so requires."  When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation

United States District Court
Northern District of California

of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  It is possible Plaintiff can cure his allegations.  Accordingly, because Plaintiff may salvage his FAC, the Court finds amendment would not be futile.  Plaintiff's claims are therefore DISMISSED with leave to amend. Should Plaintiff choose to file an amended complaint, he must do so by October 23, 2020.  Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiff's claims with prejudice.  Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 2, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:20-cv-01925-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STAY DISCOVERY

13