1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

GREGORY MALLEY,

Plaintiff,

9

v.

10
11

SAN JOSE MIDTOWN DEVELOPMENT LLC, et al.,

12

Defendants.

Case No.  5:20-cv-01925-EJD

**ORDER GRANTING PLAINTIFF'S MOTION TO ALTER THE JUDGMENT; DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Re: Dkt. Nos. 80, 81

13

Plaintiff Gregory Malley moves to amend the Court's April 8, 2021 judgment pursuant to

14

Federal Rule of Civil Procedure 59(e).  *See* Plaintiff Gregory Malley's Motion to Amend Court's

15

Judgment ("Mot. to Amend"), Dkt. No. 80.  Defendants oppose this motion.  *See* Defendants'

16

Opposition to Plaintiff's Motion to Alter ("Opp. re Amend"), Dkt. No. 84; *see also* Plaintiff's

17

Reply re Motion to Alter Judgment ("Reply re Amend"), Dkt. No. 85.

18

Defendants separately move for attorneys' fees pursuant to Federal Rule of Civil Procedure

19

54(d) and California Civil Code § 1717.  *See* Defendants' Motion for Attorneys' Fees ("Mot. for

20

Fees"), Dkt. Nos. 81, 82.  Plaintiff opposes this motion.  *See* Plaintiff's Opposition to Defendants'

21

Motion for Attorneys' Fees ("Opp. re Fees"), Dkt. No. 86; *see also* Defendants' Reply re Motion

22

for Attorneys' Fees ("Reply re Fees"), Dkt. No. 87.

23

Having considered the Parties' papers, the Court **GRANTS** Plaintiff's motion to alter and

24

**DENIES** Defendants' motion for attorneys' fees.[1]

25
26

---

27

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found these motions suitable for consideration without oral argument.  *See* Dkt. No. 89.

28

United States District Court
Northern District of California

I.      BACKGROUND

On October 23, 2020, Plaintiff filed a second amended complaint that asserted sixteen causes of action.  Defendants moved to dismiss this second amended complaint, which this Court granted.  *See* Dkt. No. 76 ("April 2021 Order").  In this Order, the Court only addressed Plaintiff's usury, RICO, and wire fraud causes of action.  The Court determined that because the joint-venture exception to the usury rule applied, Plaintiff could not establish a RICO violation based on the allegedly unlawful collection of debt.  *Id.* at 12.  Likewise, the Court concluded that Plaintiff had not established that Defendants engaged in a pattern of racketeering activity because Plaintiff's claims were related to a single real estate transaction.  *Id.* at 13.  Finally, the Court found that Plaintiff failed to plead that Defendants committed wire fraud with the level of particularity required by Rule 9(b).  *Id.*  Because Plaintiff had already amended his complaint multiple times, the Court dismissed Plaintiff's RICO claims without leave to amend.  *Id.*; *see also id.* at 14 (dismissing Plaintiff's "usury and federal RICO claims").  Given the early stage of litigation, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismissed these claims without prejudice.  *See id.* at 14.

After the Court granted Defendants' motion to dismiss, it entered a final judgment "for Defendants on Plaintiff's federal claims."  Dkt. No. 77.  Plaintiff then filed a motion to alter the judgment, arguing that the judgement did not dispose of the entirety of Plaintiff's usury claim.  In the motion to amend, Plaintiff requests that the Judgment be amended to reflect that judgment was entered only as to Plaintiff's RICO-related usury claim and that his non-RICO related usury claim was dismissed without prejudice.  Mot. to Alter at 2.  Defendant argues that this request is improper as the complaint does not contain two "separate" usury claims.

II.      DISCUSSION

A.  Plaintiff's Motion to Amend the Judgment

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment.  While amending a judgment is

United States District Court
Northern District of California

1    an extraordinary remedy, because "the district court enjoys considerable discretion in granting or

2    denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)

3    (per curiam) (internal quotation marks omitted); *cf.* Opp. re Alter at 3 (citing *Kona Enters., Inc. v.*

4    *Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard for a motion to

5    reconsider). In general, there are four basic grounds upon which a Rule 59(e) motion may be

6    granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the

7    judgment rests; (2) if such motion is necessary to present newly discovered or previously

8    unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the

9    amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*,

10   634 F.3d 1101, 1111 (9th Cir. 2011).

11         The Order and the Judgment are inconsistent. The Order seemingly dismisses Plaintiff's

12   usury claim, a state law cause of action, and Plaintiff's two federal law claims with prejudice,

13   while the Judgment is limited to Plaintiff's federal law claims. The Court takes this opportunity to

14   clarify its earlier order. The Court did not intend to dismiss Plaintiff's state-law usury claim with

15   prejudice. Rather, the Court meant to limit the dismissals to Plaintiff's federal law causes of

16   action. In order to fully adjudicate Plaintiff's RICO claim, the Court had to determine whether a

17   state-law usury violation could form the basis of a RICO action. While the Court analyzed

18   Plaintiff's usury claim, it only did so only in the context of Plaintiff's RICO claim.

19         Defendants argue that this improperly allows Plaintiff the chance to present new arguments

20   and evidence for the first time. The Court disagrees. The second amended complaint clearly

21   contains separate usury-based claims; one is based on California law (Count 3), while the other is

22   based on federal RICO law (Count 5). *See* Amended Complaint, Dkt. No. 56, *compare* ¶ 136

23   (Count 3) (alleging that Defendants violated California usury law by collecting an unlawful usury

24   interest from Plaintiff), *with* ¶ 144 (Count 5) (alleging that Defendants violated RICO by

25   "unlawfully collecting and attempting to collect unlawful usury interest").

26

27   Case No.: 5:20-cv-01925-EJD

28   ORDER GRANTING PLAINTIFF'S MOTION TO ALTER THE JUDGMENT; DENYING
     DEFENDANTS' MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

The Court will issue an **amended order and judgment** that clarify that only Plaintiff's federal causes of action were dismissed with prejudice. Because Plaintiff's state-law claims were dismissed without prejudice, he is free to file his state-law causes of action in state court.

### B. Defendants' Motion for Attorneys' Fees

Defendant moves for attorneys' fees pursuant to the SJMD Restated Operating Agreement, which contains a prevailing party attorneys' fee provision. The Court **DENIES** this motion for the following reasons. First, the operating agreement limits the prevailing party fees to arbitration actions, which this is not. *See* Dkt. No. 62-1 at 111 ("The prevailing party shall be entitled to reimbursement of attorney fees, costs, and expenses incurred in connection *with the arbitration.*" (emphasis added)). Second, because Plaintiff has expressed a clear intent to pursue his state-law causes of action, which account for the bulk of Plaintiff's amended complaint, the Court cannot determine which party is the "prevailing party." *See* Second Amended Complaint (listing thirteen state-law causes of action). *See Allied Pros. Ins. Co. v. Harmon*, 2017 WL 5634870 (C.D. Cal. Nov. 20, 2017) ("Harmon argues that there is no prevailing party yet in this action, 'as it is not yet known which party will ultimately prevail on the contract dispute.' The Court agrees; . . . . [and] concludes that there has not been 'final resolution of the contract claims' . . . to allow for a grant attorneys' fees." (quoting *DisputeSuite.com, LLC v. Scoreinc.com*, 391 P.3d 1181, 1184 (Cal. 2017)).

### III.   CONCLUSION

The Court **GRANTS** Plaintiff's motion to alter the judgment and **DENIES** Defendants' motion for fees. An amended order and judgment will follow this order.

**IT IS SO ORDERED.**

Dated: January 6, 2022

EDWARD J. DAVILA
United States District Judge