1

2

3

4                         UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    GREGORY MALLEY,                          Case No.  5:20-cv-01925-EJD

                    Plaintiff,
9                                             **AMENDED ORDER GRANTING**
                                              **DEFENDANTS' MOTIONS TO**
10        v.                                  **DISMISS**

11   SAN JOSE MIDTOWN DEVELOPMENT             Re: Dkt. Nos. 60, 63
     LLC, et al.,
12
                    Defendants.
13          This is Plaintiff Gregory Malley's third attempt to plead facts to support his federal

14   Racketeer Influence and Corrupt Organizations Act ("RICO") and state law claims related to a real

15   estate development project in San Jose, California.  Plaintiff's Second Amended Complaint again

16   names multiple defendants: San Jose Midtown Development LLC ("SJMD"); Sangeeth Peruri,

17   individually and in his capacity as Trustee of Sangeeth and Sindhu Peruri Living Trust Dated Nov.

18   5, 2009 ("Peruri"); Ashish Patel ("Patel"); Peruri Capital Partners, LLC ("Peruri Capital"); Four

19   Gates Capital, LLC ("Four Gates"); Procurator Holdings, LLC ("Procurator"); and Thomas

20   Malgesini ("Malgesini") (collectively, "Defendants").  *See* Second Amended Complaint for

21   Damages and Equitable Relief ("SAC"), Dkt. No. 56.

22          Presently before the Court are Defendants' motion to dismiss Plaintiff's usury and federal

23   RICO claims (Dkt No. 60) and SJMD, Ashish Patel, and Thomas Malgesini's separate motion to

24   dismiss state law claims asserted against them (Dkt. No. 63).  Defendants contend that this Court

25   must dismiss the claims in Plaintiff's SAC for failure to state a claim upon which relief can be

26   granted and for lack of subject-matter jurisdiction.  Having considered the parties' papers, the

27   Court **GRANTS** Defendants' motions to dismiss and dismisses Plaintiff's federal-law claims with

28

United States District Court
Northern District of California

prejudice and Plaintiff's state-law claims for lack of jurisdiction.[1]

## I.   BACKGROUND

### A.   Factual Background

The Court's first dismissal order sets forth the factual background of Plaintiff's suit.  *See* Order Granting Defendants' Motions to Dismiss and Motion to Stay Discovery ("Dismissal Order"), Dkt. No. 52.  The Court now reviews allegations relevant to the instant motions to dismiss.

Defendant SJMD is a California limited liability company formed in February 2014 by Charles Rosendahl and Jerry Calvin ("J.C.") Martin to develop two properties in San Jose California, 740 W. San Carlos Street and 777 W. San Carlos Street.  Defendants Request for Judicial Notice ("RJN"), Dkt. No. 62  Ex. 5 ("SJMD Original Operating Agreement").  Charles Rosendahl was the owner of 740 W. San Carlos Street and had 777 W. San Carlos Street in escrow at the time of SJMD's formation.  *Id.*  In September 2014, SJMD executed an Amended and Restated Operating Agreement ("Restated Operating Agreement") to account for the addition of Plaintiff and the remaining Defendants as members of SJMD.  *See* SAC ¶ 27, Ex. 9.  Under the Restated Operating Agreement, Plaintiff, Charles Rosendahl, and J.C. Martin committed 777 W. San Carlos Street (the "Property") to SJMD, while all new members were awarded both Percentage and Economic Interests in exchange for capital contributions.  SAC ¶¶ 27-29, Ex. 9 at 18.

Defendants received a 51% Percentage Interest in SJMD.  SAC, Ex. 9 at 18.  Plaintiff held a 16.33% Percentage Interest in SJMD and a 16.67% Economic Interest.  *Id.*  The Percentage Interest dictated all voting related to the operations of SJMD and therefore Defendants became the "Majority Members" of SJMD.  SAC, Ex. 9 at 3 (§§ 1.18, 1.32).  However, Charles Rosendahl and J.C. Martin continued to function as SJMD's co-Managers.  *Id.* at 8 (§§ 5.1, 5.2).  The Restated Operating Agreement also allowed SJMD's Managers to determine when additional

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found these motions suitable for consideration without oral argument.  *See* Dkt. No. 52.
Case No.: 5:20-cv-01925-EJD
AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
2

United States District Court
Northern District of California

capital contributions were needed "to conduct [SJMD's] business." *Id*. at 5 (§ 3.3).  If a member did not make an additional contribution following a capital call, that member's Percentage and Economic Interests would be adjusted accordingly to account for advances made by other members. *Id*. at 6-7 (§ 3.4).

In November 2014, SJMD executed a Purchase and Sale Agreement to sell the Property to another development company, Bay Area Property Developers, LLC ("BAPD").  SAC ¶ 32.  For the next two years SJMD obtained necessary approvals and permits to remediate environmental conditions and construct multiple residential units on the Property. *Id*. ¶ 34.  Plaintiff alleges that securing the approvals and permits made it unquestionable that SJMD would be "able to sell the [P]roperty at a premium." *Id*.  However, in May 2016 a legal dispute arose between SJMD and BAPD suspending the close of escrow and creating significant legal work and expenses for SJMD over the next three years. *Id*. ¶ 35.  A settlement agreement was first reached by SJMD and BAPD in April 2018 and then again in September 2019 which gave BAPD until November 2019 to close escrow on the sale of the Property. *Id*. ¶ 38.  Yet, escrow did not close by November 2019 and SJMD did not sell the Property to BAPD. *Id*. ¶ 39.

During this time, Plaintiff alleges that a defendant Peruri-led group of SJMD's Majority Members forced minority members, like Plaintiff, to bear the brunt of all costs associated with developing the Property and the BAPD litigation by making calls for additional capital contributions. *Id*. ¶ 45.  Moreover, beginning in January 2017, SJMD adopted the first of five amendments to the Restated Operating Agreement which Plaintiff claims gave SJMD the authority to charge its members usury interest for taking out loans to help cover their additional capital contributions. *Id*. ¶ 16.  Related to these loans, Plaintiff alleges that other SJMD members could now receive interest payments in exchange for making the additional contributions on behalf of a defaulting member. *Id*.  The Second Amendment also allowed SJMD to amend the Restated Operating Agreement without the unanimous, written consent of its members while the Fifth Amendment gave SJMD the power to withhold a member's distribution unless the member agreed to waive all claims against SJMD, its Managers, and other SJMD members. *Id*. ¶¶ 18-19.

1    Plaintiff claims that after the introduction of these amendments, he along with other "Borrowing

2    Members" were required to pay different forms of interest such as a "Delinquent Capital

3    Contribution Interest" and a "Legal 20% Bonus Interest" associated with capital contributions.  *Id.*

4    ¶ 20.  Plaintiff further alleges that when any member objected to the rate of interest charged by

5    Defendants, defendant Peruri would falsely state that he was a licensed real estate broker who

6    could charge above the legal rate of interest.  *Id.* ¶¶ 139-40.

7    SJMD ultimately sold the Property for $11.2 million dollars with escrow closing in March

8    2020.  *Id.* ¶ 47.  As escrow was closing, Plaintiff was informed by defendant Patel that he would

9    not receive any distributions related to the sale of the Property until Plaintiff waived his right to

10   bring any actions against Defendants pursuant to the Fifth Amendment.  *Id.* ¶ 122.  After Plaintiff

11   refused to execute the waiver document, Defendants withheld the release of proceeds from the sale

12   to Plaintiff.  *Id.* ¶¶ 122-24.  Thereafter, Plaintiff brought this action against Defendants.

13   **B.   Procedural History**

14   Plaintiff filed the instant action on March 18, 2020.  Dkt. No. 1.  Plaintiff also filed a

15   motion for temporary restraining order the following day, which the Court denied.  *See* Order

16   Denying Plaintiff's Motion for Temporary Restraining Order, Dkt. No. 11.  Following the denial

17   of his motion for temporary restraining order, Plaintiff filed an amended complaint ("FAC")

18   which asserted two claims under the RICO Act (18 U.S.C. § 1962(c), (d)).  *See* Dkt. No. 13.  The

19   FAC also included the following thirteen state law claims: (1) violation of California Civil Code §

20   1822; (2) Attempted Extortion; (3) Usury; (4) Conversion; (5) Wrongful Garnishment; (6)

21   Violation of California Corporations Code § 17704.07; (7) Violation of California Corporations

22   Code § 17704.09; (8) Breach of Contract; (9) Breach of Covenant of Good Faith and Fair Dealing;

23   (10) Fraud; (11) Negligent Misrepresentation; (12) Duress; and (13) Material Alteration of Written

24   Instrument.

25   The Defendants then filed a motion to dismiss the usury and RICO claims.  *See* Dkt. No.

26   29.  SJMD, Ashish Patel, and Thomas Malgesini also filed a separate motion to dismiss the

27   remaining state law claims brought against them.  Dkt. No. 31.  After reviewing the parties papers,

28   Case No.: 5:20-cv-01925-EJD
AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    the Court granted Defendants' motion to dismiss Plaintiff's usury and RICO claims. Dismissal

2    Order at 12. The Court also declined to exercise supplemental jurisdiction over the remaining

3    state law claims and dismissed the claims without prejudice. *Id*. However, Plaintiff's usury and

4    RICO claims were dismissed with leave to amend and the Court informed Plaintiff that he could

5    not add new claims or parties without leave of the Court or stipulation by the parties pursuant to

6    Federal Rule of Civil Procedure 15. *Id*.

7        Soon thereafter Plaintiff filed his SAC. The SAC asserts the same RICO and state law

8    claims as in his FAC, and also an additional wire fraud claim under 18 U.S.C. § 1961(1) which

9    Plaintiff included without first seeking leave of the Court or stipulation by the parties. *See* SAC ¶¶

10   125-200. In response, Defendants filed their motion to dismiss Plaintiff's SAC pursuant to

11   Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). *See* Dkt. No. 60 ("Mot."). SJMD, Ashish

12   Patel, and Thomas Malgesini again filed a separate motion to dismiss the state law claims asserted

13   against them. Dkt. No. 63. ("Mot. State Claims"). Plaintiff filed two separate oppositions to the

14   motions to dismiss. *See* Plaintiff Gregory Malley's Opposition to Motion to Dismiss RICO and

15   Usury Claims ("Opp."), Dkt. No. 63; Plaintiff Gregory Malley's Opposition to Motion to Dismiss

16   Non-Usury, State-Law Claims ("Opp. to State Law Claims"), Dkt. No. 64. Defendants then filed

17   a reply in support of their motion to dismiss ("Reply"), Dkt. No. 69, while SJMD, Patel, and

18   Malgesini also filed a reply in support of their motion to dismiss ("Reply to State Law Claims"),

19   Dkt. No. 70.

20   **II.    LEGAL STANDARD**

21       "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

22   legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v.*

23   *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure

24   requires a complaint to contain "a short and plain statement of the claim showing that the pleader

25   is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must

26   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

27   face.'" *Ashcroft v. Iqbal*, 563 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

28   Case No.: 5:20-cv-01925-EJD
     AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1  544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that

2  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3  alleged." *Iqbal*, 556 U.S. at 678.

4      In assessing the sufficiency of the pleadings, "courts must consider the complaint in its

5  entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

6  to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

7  which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

8  308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and

9  construe the pleadings in the light most favorable to the nonmoving party."  *Outdoor Media*

10 *Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007).  However, "the tenet that

11 a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

12 conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

13 conclusory statements, do not suffice." *Iqbal*, 563 U.S. at 678.  "While legal conclusions can

14 provide the complaint's framework, they must be supported by factual allegations."  *Id*. at 679.

15 Those facts must be sufficient to push the claims "across the line from conceivable to plausible."

16 *Id*. at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is

17 and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and

18 citation omitted).

19     Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the

20 district court determines that the pleading could not possibly be cured by the allegation of other

21 facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is

22 not required where permitting further amendment to the pleadings would be futile.  *See*

23 *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049–1050 (9th Cir. 2006).

24 **III.    DISCUSSION**

25     **A.    Judicial Notice**

26     Defendants ask the Court to take judicial notice of eighteen exhibits, which are attached to

27 Defendants' Request for Judicial Notice and referenced in the Declaration of Mark V.

28 Case No.: 5:20-cv-01925-EJD
AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    Boennighausen in Support of Defendants' Motion to Dismiss ("RJN"), Dkt. No. 62.  RJN Exhibits

2    1-17 are the same documents the Court previously reviewed, *see* (Dkt. No. 33), and referenced in

3    the Court's Order.  *See* Dismissal Order at 4-7.  RJN Exhibit 18 is a December 6, 2019 email sent

4    by defendant Peruri to Plaintiff which was referenced in the SAC.  *See* SAC ¶¶ 46, 138-40.

5    Plaintiff again opposes several of the exhibits referenced in the RJN including RJN Exhibits 1-4,

6    14, and 18.  *See* Plaintiff Gregory Malley's Objections to Defendants' Improperly Consolidated

7    Request for Judicial Notice ("Obj. re RJN"), Dkt. No. 67.

8         As a general rule, the Court may not consider any material outside the pleadings in ruling

9    on a Rule 12(b)(6) motion.  *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir.

10   2011).  There are two exceptions to this rule, when the complaint necessarily relies on the

11   documents or where the court takes judicial notice of documents.  *Lee v. City of Los Angeles,* 250

12   F.3d 668, 689 (9th Cir. 2001).  The incorporation by reference doctrine allows material that is

13   attached to the complaint to be considered, as well as "unattached evidence on which the

14   complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is

15   central to plaintiff's claim; and (3) no party questions the authenticity of the document."

16   *Corinthian Colleges*, 655 F.3d at 999.  Under the Federal Rules a court may take judicial notice of

17   a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

18   territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort

19   to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

20        The Court finds it appropriate to consider the following RJN Exhibits: (5) the initial

21   February 6, 2014 SJMD Operating Agreement; (6) the September 8, 2014 Restated Operating

22   Agreement; (13) the First Amendment to the Restated Operating Agreement; (14) the Second

23   Amendment to the Restated Operating Agreement; (15) the Third Amendment to the Restated

24   Operating Agreement; (16) the Fourth Amendment to the Restated Operating Agreement; and (17)

25   the Fifth Amendment to the Restated Operating Agreement.  The incorporation by reference

26   doctrine allows the Court to consider documents that are extensively referred to in the complaint

27   or that form the basis of the plaintiff's claims.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

28   Case No.: 5:20-cv-01925-EJD
     AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
                                    7

*(left margin, vertical)* United States District Court
Northern District of California

1    988, 1002 (9th Cir. 2018) (citing *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.

2    2010)).  Here, Plaintiff references SJMD's Operating Agreement and amendments to the Restated

3    Operating Agreement at several points throughout his SAC.  Although Plaintiff objects to the

4    incorporation of RJN Exhibit 5, the Restated Operating Agreement is one agreement that the Court

5    chooses to consider in its entirety including the initial version of the Operating Agreement and its

6    related amendments as Plaintiff's claims depend on the contents of SJMD's Restated Operating

7    Agreement.  *See* Khoja, 899 F.3d 988, 1002 (9th Cir. 2018) (citing *Coto Settlement v. Eisenberg*,

8    593 F.3d 1031, 1038 (9th Cir. 2010)).

9         Moreover, Plaintiff's objection to RJN Exhibit 14 for failure to lay proper foundation is

10   again denied.  Exhibit 14 has been properly authenticated as Plaintiff has previously referenced

11   and attached a copy of Exhibit 14 as an exhibit to his earlier motion for temporary restraining

12   order.  *See* Dkt. 2-1.  While Plaintiff challenges the finality of RJN Exhibit 14, the authenticity of

13   the exhibit is not subject to reasonable dispute.  However, the Court will not consider any disputed

14   facts contained in RJN Exhibit 14.

15        Further, the Court will consider RJN Exhibit 18 which is an email sent by defendant Peruri

16   to Plaintiff.  The email is referenced by Plaintiff in the SAC, specifically as support for Plaintiff's

17   wire fraud claim.  *See* SAC ¶¶ 139-40.  Because Plaintiff's wire fraud claim depends in part on the

18   contents of the email, the Court will take into account Defendant's RJN Exhibit 18.  *See Parrino*

19   *v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding district court properly considered

20   documents attached to a motion to dismiss that described the terms of a group health insurance

21   plan, where plaintiff's claims depended on the conditions described in the documents and plaintiff

22   never disputed their authenticity).

23        Defendants also request that the Court take notice of RJN Exhibits, (7) the July 15, 2015

24   Loan Agreement agreed to by Plaintiff in which he was to disburse funds to defendant Malgesini

25   from the proceeds of the Property sale by SJMD and (8) a document reflecting SJMD members'

26   approval of Plaintiff pledging as security his economic interest in SJMD for a loan made by

27   Defendant Malgesini through the incorporation by reference doctrine.  Additionally, Defendants

28   Case No.: 5:20-cv-01925-EJD

United States District Court
Northern District of California

1    request judicial notice of the following court filings, (9) The Santa Clara County Superior Court

2    May 16, 2016 complaint filed by BAPD against SJMD; (10) the May 16, 2016 *Lis Pendens* filed

3    on the Property by BAPD; (11) The Santa Clara County Superior Court docket entries for the

4    lawsuit filed by BAPD against SJMD; and (12) the September 13, 2019 Request for Dismissal

5    filed by BAPD and SJMD.  For the reasons discussed in the first dismissal Order, the Court takes

6    judicial notice of RJN Exhibits 7-12.

7        Lastly, the Court declines to take judicial notice of RJN Exhibits 1-4 which relate to

8    Plaintiff's real-estate license and personal bankruptcy.  The Court does not find these materials

9    necessary to consider for the Court's analysis.

10        **B.    Motion to Dismiss Usury and RICO Claims**

11        Defendants move to dismiss the complaint arguing that Plaintiff has still failed to plead a

12    federal racketeering suit relating to the development and sale of the Property.  Mot. at 1.  Under 18

13    U.S.C. § 1962, "[i]t shall be unlawful for any person employed by or associated with any enterprise

14    engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate,

15    directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

16    activity or collection of unlawful debts."  18 U.S.C. § 1962(c).  "The elements of a civil RICO claim

17    are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known

18    as 'predicate acts') (5) causing injury to plaintiff's business or property."  *United Bhd. of Carpenters*

19    *and Joiners of Am. v. Building & Constr. Trades Dept., AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014)

20    (citation omitted).

21        Plaintiff asserts RICO claims under 18 U.S.C. § 1862.  To support these RICO claims, Plaintiff

22    alleges that Defendants SJMD, Peruri, and Patel violated California usury laws by engaging in the

23    collection of unlawful debts.  In the alternative, Plaintiff "alleges predicate acts of attempted extortion

24    and wire fraud" which all relate to the development and sale of the Property and form the basis for

25    Plaintiff's RICO claims.  *See* FAC ¶¶ 129-50.  The Court will address Plaintiff's theories of RICO

26    liability separately.

27

28    Case No.: 5:20-cv-01925-EJD
     AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
                                            9

United States District Court
Northern District of California

1

### 1.   Plaintiff's Claim that Defendants Collected Unlawful Debts

2    In its October 2020 Order, the Court dismissed Plaintiff's usury claim after it determined

3    that California usury laws did not apply because the development and sale of the Property was a

4    "joint venture in real estate."  Dismissal Order at 8-9.  For the reasons discussed below, the Court

5    still finds that Plaintiff and Defendants acted together in a joint venture.

6    Under California law, "[n]o person, association, copartnership or corporation shall by

7    charging any fee bonus, commission, discount or other compensation receive from a borrower

8    more than the interest authorized by this section upon any loan or forbearance of any money,

9    goods or things in action."  Cal. Const. Article XV, § 1(2).  The interest rate on the type of loans at

10   issue may not exceed 10% per year.  *Id.*  "The essential elements of usury are: (1) [t]he transaction

11   must be a loan or forbearance; (2) the interest paid must exceed the statutory maximum; (3) the

12   loan and interest must be absolutely repayable by the borrower; and (4) the lender must have a

13   willful intent to enter into a usurious transaction."  *Ghirardo v. Antonioli*, 8 Cal. 4th 791, 798

14   (1994).  "A transaction is rebuttably presumed not to be usurious," and "[t]he borrower bears the

15   burden of proving the essential elements of a usurious transaction."  *Id.* at 798-99.

16   There is a "reasonable line of demarcation between a legitimate business venture with the

17   parties unequal in the extent of their risk but equally eager in their anticipation of profit, and a

18   situation in which a necessitous borrower is victimized by a designing usurious lender."  *Batchelor*

19   *v. Mandigo*, 95 Cal. App. 2d 816, 823 (Ct. App. 1950).  "The advancing of money as a hazardous

20   investment in an enterprise must be distinguished from the advancing of money as a loan, and the

21   former is outside the purview of the usury law."  *Wooton v. Coerber*, 213 Cal. App. 2d 142, 148

22   (Ct. App. 1963).  Thus, when the parties act together in a joint venture or partnership, the usury

23   laws do not apply.  *See Junkin v. Golden W. Foreclosure Serv.*, 180 Cal. App. 4th 1150, 1155

24   (2010).  "Whether a transaction is a joint venture or a loan is a question of fact to be decided by

25   the trier of fact."  *Id.* at 1156.  Although there is no precise formula for determining whether a

26   particular transaction is a joint venture, there are three primary factors which distinguish a loan

27   from a partnership or joint venture transaction: (1) whether there is an absolute obligation of

28

United States District Court
Northern District of California

Case No.: 5:20-cv-01925-EJD
AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   repayment; (2) whether the investor may suffer a risk of loss; and (3) whether the investor has any

2   right to participate in management.  *See* 11 Miller and Starr Cal. Real Estate (4th ed. 2020)

3   §37.13; *Junkin*, 180 Cal. App. 4th at 1155-56 (citing text).  The identity of the seller is also a

4   factor.  "'If the venture between the parties involves the acquisition of property from a third party,

5   the courts tend to conclude that the arrangement between the parties was a risk capital venture and

6   not a loan.'"  *Junkin*, supra, 180 Cal. App. 4th at 1155–1156 (citation omitted).

7        As the Court noted in its first Dismissal Order, there is no provision in SJMD's Restated

8   Operating Agreement, or the additional amendments that required a defaulting member to repay

9   any money to a contributing member or SJMD when the company made calls for additional capital

10  contributions.  Dismissal Order at 9.  Rather, in exchange for covering another member's default

11  capital contributions, contributing members would receive a preferred rate of return on their

12  additional contributions if the Property was sold.  Plaintiff argues that the Restated Operating

13  Agreement, as amended by the Second Amendment created an obligation of repayment regardless

14  if there was a successful sale of the Property.  Opp. at 20-21.  Specifically, the Second

15  Amendment changed § 5.9 of the Restated Operating Agreement which dealt with distribution of

16  company proceeds and originally referred to proceeds from the sale of the Property but now

17  mentioned company proceeds in general.  For Plaintiff, this change meant that there was an

18  obligation of repayment to a contributing member that was no longer contingent on the sale of

19  property.  *See* SAC, Ex. 11 § 5.9.  However, § 5.9 contains no such language dealing with the

20  repayment of loans or interest related to default capital contributions.  Plaintiff also relies again on

21  the use of words such as "interest" and "line of credit" to argue that the calls for additional capital

22  contributions were loan transactions and "absolutely repayable" as a practical matter.  *See* SAC ¶¶

23  43, 69-72.  However, the language in the preferred return provisions did not require Plaintiff to

24  repay any money used to cover the capital contributions he was responsible for, let alone mandate

25  that default repayments be due by a certain date.  Therefore, there is little to suggest that the

26  additional capital contribution calls and the preferred rates of return were parts of a loan

27  transaction despite the casual reference to terminology associated with loans.  *See Boerner v.*

28  Case No.: 5:20-cv-01925-EJD
    AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1   *Colwell Co.*, 21 Cal. 3d 37, 48 (1978) (parties reference to a transaction involving credit

2   applications and various letters as "loans" did not make the transaction at issue a "loan").

3          Further, the Court finds that SJMD's members could have suffered a risk of loss related to

4   the Property and Plaintiff had a right to participate in management decisions.  Plaintiff does not

5   outline any facts beyond the conclusory statement that it was unquestionable the Property would

6   sell at a premium because of its location and approvals and construction permits were secured.

7   *See* SAC ¶ 34.  Aside from there being no guarantee that the Property would sell, each SJMD

8   member held an Economic and Percentage Interest in the Property.  Each member assumed a risk

9   that they might suffer a loss if the venture were to fail.  *Junkin*, 180 Cal. App. 4th at 1156.

10  Moreover, by making additional capital contributions as well as covering defaulting members'

11  capital contributions, a member's risk actually increased rather than decreased.  If the property had

12  taken longer to sell or not sold at all, if the sales price had been lower, or if associated costs had

13  been higher, members stood to lose at least some of their capital investments.  As to the right

14  afforded to SJMD's members to participate in management, the Restated Operating Agreement

15  made clear that certain decisions, including decisions about the sale of the property, design

16  changes, approval of budgets, acquisition of assets, and dissolution of SJMD, were to be made by

17  the majority of members.  SAC, Ex. 9 at 8 (§§ 5.1, 5.3).  Although SJMD and its members elected

18  Mangers, all members had the right to participate in management decisions.

19         For these reasons, the Court holds that Plaintiff has not amended his complaint to show

20  that the development and sale of the Property involved a loan transaction and was not simply a

21  joint venture.  Because the joint venture exception to the usury rules applies, Plaintiff is unable

22  establish his RICO claims based on the alleged collection of unlawful debt.

23                      **2.  Defendants' Additional Predicate Acts**

24         As he did in his FAC, Plaintiff also alleges that Defendants engaged in a pattern of

25  racketeering activity.  A pattern of racketeering activity requires at least two predicate acts.  18

26  U.S.C. §§ 1961(5), 1962(c).  While two predicate acts are necessary to state a claim, they may not

27  be sufficient; a plaintiff must "show that the racketeering predicates are related, and that they

28  Case No.: 5:20-cv-01925-EJD
    AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1   amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S.

2   229, 239 (1989) (emphasis in original).  Additionally, "in order to allege open-ended continuity, a

3   RICO plaintiff must charge a form of predicate misconduct that by its nature projects into the

4   future with a threat of repetition." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (citations

5   omitted). "Conversely, an alleged series of related predicates not extending over a substantial

6   period of time and not threatening future criminal conduct fails to charge closed-ended

7   continuity." *Id.*

8       The Court previously established that Plaintiff failed to adequately allege that Defendants

9   committed the predicate act of wire fraud.  Dismissal Order at 10-11.  Because Plaintiff's RICO

10   claims were related to a single real estate transaction which focused on Plaintiff's allegations that

11   Defendants sought the collection of unlawful usurious interest, his failure to adequately allege

12   facts to support the predicate act of wire fraud precluded his RICO claims as a matter of law.  *Id.*

13       The SAC suffers from the same problems as the FAC—Plaintiff has failed to plead

14   Defendants committed wire fraud with the level of particularity required by Rule 9(b).  "Wire or

15   mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2)

16   use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and

17   (3) specific intent to deceive or defraud." *Sanford v. MemberWorks*, Inc., 625 F.3d 550, 557 (9th

18   Cir. 2010) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.

19   1986)).  Plaintiff claims that there is a scheme to defraud because "Defendant Peruri would

20   repeatedly and falsely state that he was a licensed real estate broker who could charge above the

21   legal rate of interest."  Opp. at 25-26.  Specifically, Plaintiff alleges Defendant Peruri sent an

22   email on December 6, 2019 to all SJMD members, in which he "falsely" stated he was a licensed

23   real estate broker.  SAC ¶ 46.

24       Plaintiff's SAC alleges the "who," "what," "when," and "where" of the purported fraud.

25   However, Plaintiff fails to plead with particularity the "how".  Plaintiff's SAC fails to offer any

26   facts explaining *how* Defendant Peruri would have caused the collection of unlawful interest in a

27   joint venture.  In sum, even after casting all reasonable inferences in favor of Plaintiff, the Court

28   Case No.: 5:20-cv-01925-EJD
AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    finds Plaintiff has failed to plead wire fraud with particularity required by Rule 9(b). Because

2    Plaintiff is unable to establish the requisite number of predicate acts to demonstrate Defendants

3    engaged in a pattern of racketeering activity, Plaintiff's § 1962(c) RICO claim also fails.

4    Therefore, Plaintiff's claim under § 1962(d) must also fail. *See Turner*, 362 F.3d at 1231

5    ("Because appellants failed to allege the requisite substantive elements of a RICO claim under 18

6    U.S.C. § 1962(c), appellants' claim under 18 U.S.C. § 1962(d), which makes it 'unlawful for any

7    person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section,'

8    also fails").

9        Thus, the Court GRANTS Defendants' motion to dismiss Plaintiff's RICO claims without

10   leave to amend.

                   **C.     Remaining State Law Claims**

11

12        Federal court jurisdiction is limited to claims raising federal questions or involving parties

13   with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 552 (2005).

14   In this case, Plaintiff predicates this Court's subject matter jurisdiction on his federal claims

15   against Defendants. *See* 28 U.S.C. § 1331. The Court's jurisdiction over Plaintiff's state law

16   claims is based on supplemental jurisdiction. 28 U.S.C. § 1367(a).

17        A district court may decline to exercise supplemental jurisdiction if it has dismissed all

18   claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Sanford*, 625 F.3d at 561.

19   "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of

20   factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience,

21   fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-

22   law claims.'" *Sanford*, 625 F.3d at 561. Having now dismissed the federal claims alleged against

23   Defendants without leave to amend and given the early stage of this litigation, the Court exercises

24   its discretion and declines to assert supplemental jurisdiction over Plaintiff's remaining state law

25   claims. Accordingly, Plaintiff's remaining state law claims are DISMISSED without prejudice.

26   **IV.    CONCLUSION**

27        For the above reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's

28

United States District Court
Northern District of California

1  federal RICO claims.  The Court **DECLINES** to exercise supplemental jurisdiction over

2  Plaintiff's state law claims and **DISMISSES** those claims without prejudice.  As such, the Court

3  **GRANTS** San Jose Midtown Development, LLC, Ashish Patel, and Thomas Malgesini's motion

4  to dismiss.  The Court also declines to afford Plaintiff another opportunity to amend his complaint

5  as it holds doing so would be futile.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.

6  1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment

7  would be futile.").  The Clerk shall close the file and a judgment in favor of Defendants shall

8  follow.

9       **IT IS SO ORDERED.**

10  Dated: January 6, 2022

11

12  EDWARD J. DAVILA
   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Case No.: 5:20-cv-01925-EJD
   AMENDED ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
   15